IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dr. Joshua Kollmann, d/b/a Carolina Sports Clinic, | ) )  C.A. No. 0:21-cv-03015-DCC </br> ) |
| Plaintiff, | ) ) |
| v. | )  **OPINION AND ORDER** </br> ) |
| Carolina Sports Clinic – Fort Mill LLC, and Fikri Soussi, | ) ) ) |
| Defendants. | ) ) |

This matter is before the Court on Plaintiff's Motion to Confirm Arbitration Award and for Entry of Judgment Thereon and Defendants' Motion to Vacate or Modify Arbitration Award. ECF Nos. 67, 85. These Motions have been fully briefed. ECF Nos. 84, 87, 90, 91. For the reasons set forth below, Plaintiff's motion is granted, and Defendants' Motion is denied.

**I.  BACKGROUND**

This case arises from a business dispute between the Parties. *See* ECF No. 1. In 2007, Plaintiff developed the business model and brand for Carolina Sports Clinic. *Id.* at 3. In 2015, Plaintiff was approached by Defendant Fikri Soussi, and Plaintiff and Soussi entered a business relationship, opening a new clinic in Fort Mill, South Carolina utilizing Plaintiff's business model and brand. *Id.* at 5; ECF No. 13-4 at 2. Together with non-party, Dr. Bradley Wiest, Plaintiff and Soussi formed Carolina Sports Clinic – Fort Mill, LLC (the "Company"). *Id.* The three individuals, as members of the Company, executed

an Operating Agreement for the Company effective July 7, 2015.  *See* ECF No. 13-1.

The Operating Agreement contained a dispute resolution provision, which states:

> 9.4.1. All disputes arising out of or in connection with this Agreement or any transaction hereunder shall be first submitted to non-binding mediation before an independent mediator selected by mutual agreement of the parties. If the parties fail to agree on a mediator or fail to agree after mediating in good faith, the dispute shall be finally settled by binding arbitration under the Arbitration Rules of The Arbitration Group, LLC, and [sic] a South Carolina limited liability company. The arbitrators' award shall be final and binding. Judgment upon the award rendered may be entered in any court having jurisdiction over the party against which the award is rendered. The parties expressly consent to the jurisdiction of the federal and state courts situated in South Carolina for the purpose of reviewing and enforcing any arbitration award rendered pursuant to this Section 9.4. The arbitrator shall state his findings of fact and conclusions of law and the parties agree that the arbitration award shall be reviewable for errors of law or errors in the application of law to the facts. The arbitration shall take place in Charlotte, North Carolina, or such other place as the parties may agree upon. The arbitration award shall also include (i) a provision that the prevailing party in such arbitration shall recover its costs of the arbitration and reasonable attorneys' fees from the other party or parties, and (ii) the amount of such fees and costs. In the event of a dispute between any Member and the Company or a dispute relating to the Company between any Member and another Member, the Company or the remaining Member(s) by Supermajority vote may elect to purchase the Membership Interest of the Member by a Fair Market Value and on such terms as outlined in Section 7.3 (ii). In such event, Section 7.1.3 shall apply as if death of the Member has occurred. The claims of the Member, if any, shall not be affected except that the arbitrator shall take account of the fact that the Member's Interest is being purchased and shall allow nothing for events, facts or conditions that have occurred or may occur after the date of the notice of purchase. The arbitrator shall make no award based in whole or in part upon any loss or prejudice to the Member as a result of the purchase.

*Id.* at 17.

On March 15, 2018, Plaintiff and Soussi entered into an Amendment to the Operating Agreement ("the Amendment"), in which they agreed to continue the business following the disassociation of Dr. Wiest. ECF No. 16-1. The Amendment reinstated and reincorporated all the provisions of the Operating Agreement that were not specifically changed in the Amendment. *Id.* at 2.

On May 11, 2021, Soussi notified Plaintiff by letter that Plaintiff had disassociated himself from the business because he had not worked at the Company's facility for over a year and was now considered an inactive member. ECF No. 16-2 at 1. Subsequently, Plaintiff learned that Soussi was in the process of forming another Company location in Rock Hill, South Carolina and planned to continue using the trademarks and intellectual property contributed by Plaintiff in forming the Company (the "Trademarks"). ECF Nos. 1 at 6; 16 at 6. As a result, Plaintiff notified Soussi on June 10, 2021, that the Company's license to use the Trademarks was terminated and revoked, effective immediately. ECF Nos. 16 at 7; 16-3. Nevertheless, Plaintiff claims Soussi continued to make extensive unauthorized use of the Trademarks. ECF Nos. 1 at 7; 16 at 7.

On September 19, 2021, Plaintiff filed suit in this Court against Defendants, alleging claims for federal trademark infringement, false designation of origin, and unfair competition pursuant to 15 U.S.C. §§ 1114, 1125(a), and for common law trademark infringement and unfair competition under South Carolina law. ECF No. 1 at 7–10. On November 4, 2021, Defendants moved to dismiss Plaintiff's Complaint without prejudice, or in the alternative, to stay this action pending mediation, and if necessary, arbitration.[1]

---

[1] Of note, Defendants, who now seek to set aside the Arbitration Award, moved for this action to be submitted to mediation or arbitration over the objections of Plaintiff. *See* ECF Nos. 13, 16, 19.

ECF No. 13 at 1.  On September 29, 2022, the Court found Plaintiff's claims arise out of the Operating Agreement, and therefore the Operating Agreement's dispute resolution provision applied.  ECF No. 30 at 9–11.  The Court stayed the present action pending the result of mediation, and if necessary, arbitration.  *Id.* at 13.

On November 8, 2024, following an arbitration hearing and post-arbitration submissions, an arbitrator entered an order, judgment, and award in Plaintiff's favor (the "Arbitration Award").  ECF No. 67-1.  Both parties now seek relief pertaining to the Arbitration Award issued in Plaintiff's favor, with Plaintiff seeking to enforce it while Defendants seeks to vacate it or, alternatively, modify it.  ECF Nos. 67, 85.

## II.  APPLICABLE LAW

Under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, where a controversy has been arbitrated pursuant to a valid arbitration provision and the arbitrator has made an award, the parties may seek to confirm, *see* 9 U.S.C. § 9, or to vacate, *see* 9 U.S.C. § 10, that award in the appropriate court.  *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("The Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. §§ 9–11.").

There is an "emphatic federal policy in favor of arbitral dispute resolution." *Fakhri v. Marriot Int'l Hotels*, Inc., 201 F. Supp. 3d 696, 709-10 (D. Md. 2016) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).  Consequently, "[j]udicial review of an arbitration award in federal court is 'substantially circumscribed.'" *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)).  Indeed, given

4

that "full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation," a court's review of an arbitration award "is among the narrowest known at law." *Id.* (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998)). "A court sits to 'determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it.'" *U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO*, 204 F.3d 523, 527 (4th Cir. 2000) (citing *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996)).

Under the terms of § 9, unless an arbitration award has been vacated, modified or corrected pursuant to §§ 10 and 11, if a party files a motion to confirm, "a court 'must' confirm [the] arbitration award[.]" *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9). Section 9 reads in part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Under § 10, a district court in the district where an arbitration award was made may issue an order vacating the award under certain limited circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

5

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in [9 U.S.C. § 10]." *Choice Hotels Int'l, Inc. v. Shriji 2000*, No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015) (citing *Apex Plumbing*, 142 F.3d at 193).

Additionally, the Fourth Circuit has recognized two permissible common law grounds for vacating an award: when "an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *Three S Del., Inc.*, 492 F.3d at 527 (quoting *Patten*, 441 F.3d at 234). A federal court may vacate an award only when the moving party has met its "heavy burden" of showing that one of the statutory or common law grounds has been met. *Id.* "[B]ald faced allegations" are insufficient; evidence of grounds for vacatur "must be direct, definite, and capable of demonstration rather than remote, uncertain or speculative." *Consol. Coal Co. v. Local 1643, United Mine Workers of Am.*, 48 F.3d 125, 129 (4th Cir. 1995) (internal quotation marks and citation omitted); *Trademark Remodeling, Inc. v. Rhines*, No. PWG–11–1733, 2012 WL 3239916, at *2 (D. Md. Aug. 6, 2012).

As "the party opposing the award," Defendants "bear[] the burden of proving the existence of grounds for vacating the award." *Choice Hotels Int'l, Inc. v. Austin Area*

6

*Hosp., Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015) (citing *Three S Del., Inc.*, 492 F.3d at 527). Accordingly, the Court "must enter an order confirming the Arbitration Award if [the party opposing the award] has not demonstrated that the Arbitration Award should be vacated instead." *Integrity Nat'l Corp., Inc. v. DSS Servs., Inc.*, No. CV PWG-17-160, 2017 WL 6492718, at *3 (D. Md. Dec. 19, 2017). *See also* 9 U.S.C. § 9; *Choice Hotels Int'l*, 2015 WL 6123523, at *2.

### III.  DISCUSSION

**A. Defendants' Motion to Vacate or, Alternatively, Modify**

Defendants assert numerous grounds for vacating the Arbitration Award under § 10 and the common law. ECF No. 85 at 7–18. Alternatively, Defendant requests the Court to modify the Arbitration Award under § 11. *Id.* at 18–20. The Court addresses each of these arguments in turn below. In doing so, the Court notes that here the Parties also agreed to judicial review "for errors of law or errors in the application of law to the facts." ECF No. 13-1 at 17. However, in *Hall Street Associates*, the Supreme Court addressed whether statutory grounds may be supplemented by contract, specifically whether parties could agree to judicial review of an arbitrator's decision for legal error. 552 U.S. at 580. The Supreme Court held that the statutory grounds for review were exclusive regimes for review of an arbitrator's award under the FAA. *Id.* at 578, 588–90. Since the Supreme Court has foreclosed this expansion of review under the FAA, the Court reviews only whether the Arbitration Award should be vacated, modified or corrected pursuant to the regimes outlined in §§ 10 and 11.

1. <u>Vacating the Arbitration Award</u>

Defendants contend the Arbitration Award does not draw its essence from the agreement, and the Arbitrator exceeded his powers by ignoring an unambiguous contract provision in the Parties' Operating Agreement and Member Agreement in three respects: (1) failing to address the entitlement and subsequent return of Soussi's $50,000 investment in the Company; (2) ignoring the provisions in the Operating Agreement showing that the Trademarks were assigned or transferred to the Company and therefore belonged to the Company; and (3) failing to find that the license of the Trademarks under the Operating Agreement was a "naked license" and Plaintiff abandoned the Trademarks. ECF No. 85 at 7–18. Plaintiff contends Defendants have failed to carry the "heavy burden" of showing the Arbitrator, who issued the 37-page Arbitration Award after a four-day hearing and accepting post-trial briefing and submissions from both sides, acted outside the scope of authority. ECF No. 90 at 1–2. The Court agrees with Plaintiff.

First, Defendants contend the Arbitrator failed to consider whether Soussi was entitled to the return of his $50,000.00 investment. ECF No. 85 at 7. The Member Agreement provides:

> Return of $50,000 Investment. Soussi has invested, or is in the process of investing, $50,000 into the Company. In the event that the Clinic closes, for any reason, then within thirty (30) days of the closing of the clinic, the Company shall pay all of its just debts, including any debts reduced through negotiation, and then the Company shall pay Soussi the sum of $50,000, to return his initial capital contribution. In the event there is insufficient Company funds, or it is still uncertain if the Company will have sufficient funds, then Kollmann and Wiest,

>jointly and severally personally guarantee payment of the $50,000 to Soussi, within the aforesaid thirty (30) day period.

ECF No. 91-3 at 1–2. Defendants argue that the Arbitration Award effectively closed the Company by ordering them to immediately and permanently cease using "Carolina Sports Clinic" or "CSC" and related URLs/domains/websites/email extensions and ordering the dissolution of Carolina Sports Clinic – Rock Hill, LLC.  ECF No. 85 at 8.  Thus, according to Defendants, Soussi is entitled to the return of his $50,000 investment and the Arbitration Award's failure to address this provision is in manifest disregard of the law, exceeds the Arbitrator's powers, and fails to draw on the essence of the Parties' agreement.  *Id.* at 8–9.  Plaintiff argues Soussi is not entitled to repayment of his $50,000.  ECF No. 90 at 3.

After review of the Arbitration Award and the Parties' arguments, the Court finds Defendants have failed to meet the "heavy burden" of showing that one of the statutory or common law grounds for vacating the Arbitration Award has been met.  The Court finds that Defendants have not demonstrated the triggering event—the closure of the Company—has occurred, and so the Arbitrator did not need to consider whether Soussi was entitled to the return of his $50,000.  The Arbitrator did not order the dissolution of the Company, and the Court finds the Arbitrator's order to cease using "Carolina Sports Clinic" or "CSC" and related URLs/domains/websites/email extensions and ordering the dissolution of Carolina Sports Clinic – Rock Hill, LLC is not the functional equivalent of closing the Company.  Indeed, Defendants make conflicting arguments concerning whether the Company has closed.  *See* ECF Nos. 85 at 8 (arguing the Company is effectively closed by the Arbitrator's orders); 91 at 2 (arguing the Company is not dissolved); 91-5 at 61 (stating in deposition testimony that the Company has not closed,

9

and Plaintiff does not owe Soussi $50,000). Thus, the Court cannot say the Arbitrator's failure to address the return of Soussi's $50,000 investment was in contravention from the essence of the agreement or ignored an unambiguous contract. *See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 390 (2d Cir. 2003) ("Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case."). Again, "a federal court cannot vacate an arbitral award merely because it is convinced that the [arbitrator] made the wrong call on the law. On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Wallace v. Buttar,* 378 F.3d 182, 190 (2d Cir. 2004) (internal quotation omitted). As "[t]he decision of the arbitrator on matters agreed to be submitted to him is given considerable deference by the courts," the Court denies Defendants' motion to vacate on this ground. *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 456 (2003).

As to Defendants' second and third arguments, both pertain to the Arbitrator's consideration and disposition of the Parties' dispute surrounding the Trademarks, so the Court addresses these arguments together. Defendants contend the Arbitrator manifestly disregarded the law by finding that the Trademarks and related intellectual property should be distributed to Plaintiff and failing to consider whether the Trademarks were (1) assigned or transferred to the Company and therefore belonged to the Company or (2) a "naked license" and that Plaintiff abandoned the Trademarks. ECF No. 85 at 9–18. Plaintiff argues the Arbitrator properly considered the evidence and made no material

mistake in finding that Plaintiff merely contributed a license for the Company to use the Trademarks. ECF No. 90 at 4.

After considering the record, the Court does not find that the Arbitrator manifestly disregarded the law in this case. Based on the Arbitration Award, it is apparent that the Arbitrator heard and considered arguments from both sides regarding the issue of whether the Trademarks were transferred or assigned to the Company. *See* ECF No. 67-1 at 3, 5, 18, 34–35. Defendants' arguments as to why the Arbitrator could have found otherwise are insufficient to meet the "heavy burden" of establishing cause for vacating the Arbitration Award and are nothing more than arguments that the Arbitrator made the wrong call based on their own interpretation of the law and facts. It is not the Court's place to reevaluate the Arbitrator's decision but merely to determine whether the Arbitrator did his job. *U.S. Postal Serv.*, 204 F.3d at 527 (citation omitted); *PPG Indus. v. Int'l Chem. Workers Union Council of the United Food and Commercial Workers,* 587 F.3d 648 (4th Cir. 2009) ("As long as the arbitrator is even arguably . . . acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (citing *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38 (1987))). Based on the arguments presented and the deference afforded to arbitration judgments, the Court finds the Arbitrator performed his duties and there is no reason to vacate the Arbitration Award. Accordingly, Defendants' Motion to Vacate is Denied.

   2. Modification of the Arbitration Award

Alternatively, Defendants urge that the Arbitration Award be modified pursuant to 9 U.S.C. § 11(a) because there was an evident material miscalculation of figures and an

11

evident material mistake in the description of property referred to in the award based on the failure to order return of Soussi's investment and an evident material miscalculation of the description of the Trademarks. ECF No. 85 at 18–19. Defendants' rehashed arguments concerning the Arbitrator's alleged errors have already been addressed above; however, "a mistake of fact or misinterpretation of law by an arbitrator provides insufficient grounds for the modification of an award." *See Apex Plumbing.*, 142 F.3d at 194 (citation omitted). Indeed "[w]here no mathematical error appears on the face of the award . . . an arbitration award will not be altered." *Id.* (citation omitted). Defendants' arguments do not demonstrate to the Court that the Arbitrator made a "material mistake" in coming to his award for the same reasons outlined above. Defendants have not met their burden under § 11 to modify the Arbitration Award, and therefore their Motion to Modify is denied.

**B. Plaintiff's Motion to Confirm**

Section 9 of the Federal Arbitration Act provides that any time within one year after an arbitration award is made, a party to the arbitration may apply to a federal district court for an order confirming the award. 9 U.S.C. § 9. As discussed above, the federal court's review of an arbitration award is tightly circumscribed, and a court must confirm the arbitration award unless the award is vacated, modified, or corrected pursuant to §§ 10 or 11. *See, e.g., Union Pac. R.R. v. Sheehan,* 439 U.S. 89, 91 (1978) (per curiam) (stating that the scope of review of arbitration award is "among the narrowest known to the law" (internal quotation marks omitted)); *Upshur Coals Corp. v. United Mine Workers of America,* 933 F.2d 225, 229 (4th Cir. 1991) (noting that arbitration awards are "accorded great deference"). The Court has denied Defendants' Motion to Vacate or Modify on the

various grounds asserted; therefore, the court grants Plaintiff's Motion to Confirm the Arbitration Award.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Confirm the Arbitration Award and Enter Judgment [67] is **GRANTED**, and Defendants' Motion to Vacate the Arbitration Award [85] is **DENIED.**

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 11, 2025
Spartanburg, South Carolina